IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-030-M-DWM |
| --- | --- |
| Plaintiff/Respondent, | CV 15-136-M-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| ROBERT KRISE, | |
| Defendant/Movant. | |

**FILED**

MAY 09 2016

Clerk, U S District Court
District Of Montana
Missoula

This case comes before the Court on Defendant/Movant Robert Krise's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Krise is a federal prisoner proceeding pro se.

On December 30, 2015, Krise was advised that most of his allegations were conclusory or speculative in nature. He was given some examples of what was lacking. He was also permitted to file a supplement to his § 2255 motion to allege "additional facts showing why he thinks his counsel's advice was incompetent and why he thinks he was prejudiced as a result." Order (Doc. 797) at 2.

Krise responded by filing a supplement on February 1, 2016. Supp. (Doc. 798). The Court will review the original motion along with the supplement.

1

## I. Preliminary Review

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 19, 2013, a grand jury indicted Krise, along with 13 co-defendants, on one count of engaging in a child exploitation enterprise, a violation of 18 U.S.C. § 2252A(g) and 2252(a)(2) and (a)(4)(B) ("Count 1"), and one count of conspiring to advertise child pornography, a violation of 18 U.S.C. § 2251(d) and (e) ("Count 2"). Second Superseding Indictment (Doc. 169) at 2-3. Count 1

2

carried a 20-year mandatory minimum prison sentence upon conviction. Count 2 carried a 15-year mandatory minimum.

On March 31, 2014, Krise and the United States filed a fully executed plea agreement. Krise agreed to plead guilty to Count 2 of the indictment, to provide information and/or testify against his co-defendants, and to waive his right to appeal. The United States agreed to dismiss Count 1, to forego charging Krise in a second bulletin board case, and to recommend Krise receive a three-point reduction in his advisory sentencing guideline calculation for acceptance of responsibility. Plea Agreement (Doc. 310) at 3 ¶ 3, 6 ¶ 6.

A presentence report was prepared. Krise's advisory guideline range was 188-235 months. The statutory mandatory minimum sentence was 15 years, or 180 months. Krise was sentenced to serve the minimum sentence, 180 months, to be followed by a life term of supervised release. He shares joint and several liability with the other defendants for $29,859.00 in restitution, now paid. Minutes (Doc. 671); Judgment (Doc. 678) at 2-3, 5; Order (Doc. 694); Satisfaction of Judgment (Doc. 794).

Krise did not appeal. His conviction became final on November 6, 2014. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2013). He timely filed his § 2255 motion on October 19, 2015. 28 U.S.C. § 2255(f)(1).

3

## III. Claims and Analysis

Krise claims that counsel was ineffective in various respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Krise must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

### A. Jurisdiction and Venue

First, Krise claims counsel should have challenged the Court's jurisdiction on the grounds that Krise had "never lived anywhere near Montana during my entire life." Mot. § 2255 (Doc. 789) at 18.

The Court had jurisdiction. "The district courts of the United States . . . have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Krise was accused of violating specific provisions of 18 U.S.C. §§ 2251, 2252, and 2252A. Congress had the power to criminalize the conduct described in the statutes because child pornography substantially affects interstate commerce and its advertisement and distribution uses the instrumentalities of interstate commerce. Far lesser levels of involvement with interstate commerce have been held sufficient to support federal criminal prosecution. *See, e.g., United*

States v. McCalla, 545 F.3d 750, 753-56 (9th Cir. 2008) (intrastate activity); United States v. Adams, 343 F.3d 1024, 1030-34 (9th Cir. 2003) (possession). There is no support for a jurisdictional challenge.

With liberal construction, Krise might be understood to challenge venue. "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). For Count 2 of the second superseding indictment, which alleged a conspiracy, venue was proper "in any district where any overt act committed in the course of the conspiracy occurred." United States v. Meyers, 847 F.2d 1408, 1411 (9th Cir. 1988). Venue in this case was predicated on co-defendant and co-conspirator Paul Wencewicz's participation. Wencewicz was the chief administrator of the bulletin board. From his home in Polson, Montana, he uploaded child pornography to the bulletin board for other members' and viewers' use. Venue for co-conspirators was proper in Montana. For these reasons, when, in another case, similarly situated defendants challenged venue, they were unsuccessful. See Order (Doc. 178) at 2-5, United States v. Merchberger, No. CR 14-27-M-DLC (D. Mont. Jan. 8, 2015).

Counsel cannot be ineffective for failing to object to jurisdiction or venue, because an objection would not have succeeded. Juan H. v. Allen, 408 F.3d 1262,

5

1273 (9th Cir. 2005). Neither prong of the *Strickland* test is met. This claim is denied.

### B. Matters Waived by Guilty Plea

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea does not waive the defendant's opportunity to "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards" defining the "wide range of reasonable professional assistance." *Id.* at 267. But the guilty plea means Krise must show not only that the claims he abandoned by pleading guilty had merit but also that his attorney's advice to plead guilty without litigating those claims "rendered that advice outside the range of competence demanded of attorneys in criminal cases." *Id.* at 268 (internal quotation marks omitted).

#### 1. Bill of Particulars

Krise contends, first, that because counsel did not move for a bill of particulars it was not possible to know exactly what conduct was charged. Mot. § 2255 at 4 ¶ A.

Krise does not identify anything he did not understand about the charges

against him. At his change of plea hearing, Krise said, "I do know what actually happened. I know what my role is in this case, and I know what the alternatives are. So I am entering this plea of my free will." Change of Plea Tr. (Doc. 421) at 22:20-23. He accurately stated facts that made him guilty of the charge. *See id.* at 49:14-50:14, 51:3-17, 54:14-55:21 (establishing that bulletin board featured "images that displayed the lascivious exhibition of the children's genitals and pubic area" and that Krise himself "uploaded, downloaded, and viewed images of child pornography," "was involved in numerous posts," and "also provided input to the board administrators and staff on how to best operate the board and on admitting new members.").

Krise's present allegations do nothing to undermine the plain showing on the record that he voluntarily, knowingly, and intelligently pled guilty. He offers no basis to believe it was unreasonable for counsel to fail to seek a bill of particulars before advising a guilty plea. Nor is there any reason to think Krise might have gone to trial rather than pleading guilty or might have received a more favorable plea bargain if counsel had sought and obtained a bill of particulars. Neither prong of the *Strickland* test is met. This claim is denied.

### 2. Electronic Evidence

Krise contends there was "reasonable doubt with respect to data integrity, chain of custody, sources and origins" and "possible manipulation of evidence."

Mot. § 2255 at 4 ¶ B, 9, 11-12. In his supplement, Krise emphasizes that some evidence was obtained from a foreign country and that documents can be fabricated. At best, he opines that something might have gone awry somewhere. This opinion meets neither prong of the *Strickland* test.

To the extent Krise means counsel should have filed a motion to suppress, he points to no fact supporting an inference that the merit of these allegations would have been so clear to any competent counsel that only a lawyer performing unreasonably could have failed to file a motion to suppress. Moreover, similarly situated defendants filed motions to suppress, and they were denied. *See* Order (Doc. 451); *see also* Order (Doc. 178) at 5-23, *Merchberger*, No. CR 14-27-M-DLC (D. Mont. Jan. 8, 2015). Neither prong of the *Strickland* test is met.

This claim is denied.

### 3. Electronic "Eavesdropping"

Krise contends the FBI obtained some evidence by "electronic eavesdropping." Mot. § 2255 at 4 ¶ B, 8. He fails to specify what evidence was unlawfully obtained. The bulletin board activity was captured when the FBI obtained Wencewicz's permission to impersonate him. That is likely not what Krise means by "electronic eavesdropping." At any rate, impersonation did not require a warrant. "[P]ersons have no expectation of privacy or confidentiality in their conversations and relations with other persons, no matter how secretive the

8

setting. The Court has recognized that legitimate law enforcement interests require persons to take the risk that those with whom they associate may be government agents." *United States v. Aguilar*, 883 F.2d 662, 703 (9th Cir. 1989).[1] This claim is denied.

### 4. Access to Computer

Krise claims he had no access to a computer outside his standard office hours between the end of the June 2011 and January 2012. Mot. § 2255 at 12. But his involvement in the bulletin board predated that time. *See, e.g.*, U.S. Sentencing Mem. (Doc. 625) at 6-8 ¶¶ i-vi. This claim is denied.

### 5. Fifth Amendment

Krise claims passwords to his external storage devices were obtained in violation of his Fifth Amendment privilege and/or *Miranda* rights. Mot. § 2255 at 12-13. But his conviction depended on the bulletin board, not external storage devices. Since Krise received a statutory mandatory minimum sentence, his external storage devices did not affect the sentence ultimately imposed. And, at any rate, the base offense level and all the adjustments in the guideline calculation, *see* Presentence Report ¶¶ 111-122, were also based solely on the bulletin board, not external storage devices. This claim is denied.

---

[1] This decision was superseded by statute on a point of immigration law, *see United States v. Gonzalez-Torres*, 309 F.3d 594 (9th Cir. 2002), and by case law concerning the standard of review applied to denial of discovery relating to selective prosecution, *see United States v. Bourgeois*, 964 F.2d 935, 937 (9th Cir. 1992). On the point cited here, it is the law.

### C. Sentencing Issues

#### 1. Mitigating Circumstances

Krise contends the United States and the presentence report presented a "distorted perspective of my character." Mot. § 2255 at 5 ¶ C. Most of Krise's allegations focus on this issue. *See id.* at 10-11, 14-18, 19; Supp. (Doc. 800) at 1-4, 4-6.

As Krise understood at the time he pled guilty, Change of Plea Tr. at 15:22-24, 19:2-25, 38:16-24, a 15-year mandatory minimum sentence means a 15-year sentence is mandatory and is the minimum sentence. Krise's arguments about his military service, health, and good character apart from his conviction were indeed emphasized by his attorney. *See* Sentencing Mem. (Doc. 628) at 4-11, 16-18. Counsel introduced into the record his psychological and psychosexual evaluation, military records, and medical records. *See* Sentencing Exhibits (Docs. 629, 630-1, 630-2). Counsel forestalled a sentence between 188 and 235 months, which was the United States' request. But the factors Krise adduces cannot, by law, support a sentence less than the one Krise received.

Neither prong of the *Strickland* test is met. This claim is denied.

#### 2. Registration Requirement

Krise objects to the requirement that he register as a sex offender. Mot. § 2255 at 18; Supp. at 5. The requirement is imposed by federal law. Krise knew that

when he pled guilty. Plea Agreement at 11-12 ¶ 14; Change of Plea Tr. at 16:25-18:17, 30:17-31:1. This claim is denied.

### 3. Substantial Assistance

Krise claims he cooperated with investigators (he testified at a co-defendant's trial) and should have received some credit for doing so. Mot. § 2255 at 7-8. He did receive a benefit in exchange. The United States did not prosecute him in the second child pornography bulletin board case, *Merchberger*, No. CR 14-27-M-DLC (D. Mont. filed Apr. 8, 2014), even though there was evidence showing Krise participated in that bulletin board as well. *See* Plea Agreement (Doc. 310) at 3 ¶ 3, 7-9 ¶ 7, Change of Plea Tr. at 3:23-4:3, 5:1-14. This claim is denied.

### 4. Credit for Time Served

Krise points to "Exhibit 7" to allege he was not given credit for time served. Exhibit 7 (Doc. 789-1 at 13, 41, 69, 97) has nothing to do with credit for time served. Exhibit 6 (Doc. 789-1 at 12, 40, 68, 96) is labeled "record of time served," but it is a record from Krise's time in the military. It has nothing to do with this case.

If Krise believes his sentence is not being properly executed, he must take up that issue with the Bureau of Prisons, not the sentencing court. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333 (1992); *Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th Cir. 2011); *Taylor v. Reno*, 164 F.3d 440, 445-47 (9th Cir. 1998); 18

U.S.C. § 3585(a), (b). This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Krise's claims meets even the relatively low threshold required for a COA. Krise does not identify any respect in which counsel's performance was unreasonable. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. Although he clearly knew of the 15-year mandatory minimum sentence when he pled guilty, Krise unaccountably claims he should have received a lesser sentence. He also entirely overlooks the fact that his guilty plea avoided imposition of a 20-year sentence that would have been equally mandatory had counsel not obtained dismissal of Count 1. There is no reason to encourage further proceedings. Krise knew what he was doing when he

pled guilty, and there is no prospect of a different sentence. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Krise's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 789, 800) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Krise files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-136-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Krise.

DATED this 9th day of May, 2016.

/s/ Donald W. Molloy
Donald W. Molloy
United States District Court